
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUDAN ZHANG, | No. 11-70530 |
| Petitioner, | Agency No. A088-294-739 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2014[**]
Pasadena, California

Before:  HAWKINS and GRABER, Circuit Judges, and SEDWICK,[***] District
Judge.

Petitioner Sudan Zhang, a native and citizen of China, petitions for review of

an order, issued by the Board of Immigration Appeals ("BIA"), dismissing her

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

[***]      The Honorable John W. Sedwick, United States District Judge for the
District of Alaska, sitting by designation.

appeal from an immigration judge's ("IJ") decision denying her application for asylum and protection under the Convention Against Torture ("CAT"). The REAL ID Act governs this case. Reviewing for substantial evidence the agency's adverse credibility determination, Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010), we deny the petition for review.

1. Substantial evidence supports the IJ's adverse credibility determination, which the BIA affirmed. For example, the IJ observed that Petitioner's demeanor changed to one of "confusion and indecisiveness" when asked about her abortion certificate. "We give 'special deference' to a credibility determination that is based on demeanor." Jibril v. Gonzales, 423 F.3d 1129, 1137 (9th Cir. 2005) (internal quotation marks omitted). The IJ identified several inconsistences between the narrative in Petitioner's asylum application and her testimony, including inconsistencies about her parents' knowledge of her relationship and about her boyfriend's presence when she conducted pregnancy tests. Although the IJ need not rely only on inconsistences that "go to the heart of" Petitioner's claim, those inconsistencies in fact do go to the central question whether her abortion was forced, so we accord them "great weight." Shrestha, 590 F.3d at 1046–47. In the absence of credible testimony, Petitioner's asylum claim fails. Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).

2.  Because Petitioner's CAT claim rests on the same testimony that the IJ and the BIA found not credible, and because no other evidence in the record supports the argument that she is more likely than not to be tortured if returned to China, her CAT claim also fails.  Id. at 1157.

**DENIED.**